JONATHAN P. BISHOP *vs.* JAMES HALL, Executor.

Evidence that legal services were rendered in the joint names of an attorney at law and another person is not sufficient to prove a partnership between them, and thus defeat an action for such services brought by the attorney alone.

ACTION OF CONTRACT on an account annexed for services rendered and money paid by the plaintiff as an attorney at law, between December 1851 and April 1852. Answer, that the services were rendered and the money paid by the plaintiff and William End, partners under the name of Bishop & End. The case was referred to an auditor, who, without passing upon the question of partnership, reported in favor of the plaintiff, subject to the opinion of the court upon the following evidence :

" The pleadings and other papers filed in court in two cases, named in one item of the account annexed, were produced, by which it appears that in one case the writ was in Bishop's handwriting, the attorney's certificate and directions to the officer were signed by Bishop, the writ was indorsed by Bishop & End, and was entered in the names of Bishop & End, and that an agreement for neither party to be entered in said action was signed by Jonathan P. Bishop alone, as attorney ; that the answer in the other case was signed by Jonathan P. Bishop and William End, as attorneys for the defendant, and certified by Jonathan P. Bishop and William End, the certificate being in the handwriting of End ; that an agreement for the reference of said action was signed by Jonathan P. Bishop and Bishop & End ; and it appeared by the account of the clerk of the court against

Bishop, that there were charges therein against Bishop & End, which charges were paid by Bishop, in the settlement of his account.

" There was evidence introduced of a declaration made by the plaintiff, in 1851 or 1852, that End was a partner of the plaintiff, though the language of said declaration was not given. There was also evidence that End was an alien."

At the trial in the court of common pleas, the plaintiff offered the auditor's report in evidence. The defendant objected, on the ground that it showed that End was the plaintiff's partner and should have been joined as a plaintiff, and so there was a variance. But *Sanger*, J. overruled the objection, and admitted the evidence, and, upon being requested by both parties to express an opinion upon it, ruled that there did not appear to be a partnership between the plaintiff and End, and that the plaintiff was entitled to recover. The defendant alleged exceptions.

*J. F. Woodside*, for the defendant.

*W. Colburn*, for the plaintiff.

SHAW, C. J. It appears to us that the evidence was admissible. The object of referring a case to an auditor is, that he may examine vouchers and other evidence, and state an account upon all matters in controversy between the parties which are the proper subjects of an account. In one alternative, to wit, no partnership, these items were all subjects of an account. The auditor therefore states the evidence upon which the partnership depends, without any opinion, for the consideration of the court, and finds the amount due to the plaintiff if no partnership should be established.

The court are of opinion that this report was admissible as a report under the statute. *Jones* v. *Stevens*, 5 Met. 373. But when admitted, it was *prima facie* evidence, it might be disproved, impeached or controlled by any other competent evidence. Rev. Sts. *c*. 96, § 30.

Upon the facts reported, it was contended that Mr. End was a partner with the plaintiff, and should have been joined. It is to be considered that, in order to sustain this defence, it must appear that Mr. End was in fact a partner with the plaintiff,

and entitled equally with him to maintain the suit. It is not enough that parties hold themselves out or suffer themselves to be held out as partners; this might be sufficient to charge them as defendants, either in contract, or for negligence or want of skill; but the same proof, when partnership was set up to prevent one from recovering, would wholly fail of establishing it *Kell* v. *Nainby*, 10 B. & C. 20. *Lloyd* v. *Archbowle*, 2 Taunt. 324. *Mawman* v. *Gillett*, 2 Taunt. 325 note.

The report states some evidence tending to show that the plaintiff and Mr. End have in some instances used the joint signature, in court and elsewhere; but this is not unfrequent where two attorneys or counsellors act together in a particular case under separate retainers. We should think this evidence entitled to more careful consideration, were it not found as a fact, that Mr. End was an alien, and therefore could not be admitted as a counsellor and attorney. Rev. Sts. *c.* 88, § 19. It is true that was partially modified by *St.* 1852, *c.* 154, under which Mr. End might have been admitted, (and, as we happen to know, was afterwards admitted,) yet it was prospective only, and was after the retainers in these cases must have been given to the plaintiff, and nearly, if not quite, all the professional services were done. As the services could not have been legally performed by Mr. End, and no action for them could have been maintained; in the absence of any proof tending to show that he acted, not as a qualified attorney and counsellor, but as an attorney *in pais* under a special power, the court are of opinion that no such partnership was shown by the evidence, as to prevent the plaintiff, a regularly qualified counsellor and attorney, as the court must officially take notice of, from recovering.

*Exceptions overruled.*